NICHOLAS P. IGLEHART, Appellant, *v.* JAMES T. HOBART *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In an action upon a foreign record, it is not a variance to declare for $1,667.86, if the evidence shows that the damages were assessed at $1,654.33, and that plaintiffs should recover their said damages and costs, taxed at $13.53. Defendant's costs do not go to the plaintiff, and are no part of the judgment.

A memorandum, which was probably made by the clerk for his convenience, and which does not disturb the judgment, will not be regarded.

THIS was an action upon a judgment record, from the State of Ohio. The facts necessary for a full understanding of the disputed points, will be found in the opinion of the Chief Justice.

The cause was heard before J. M. WILSON, Judge, at the June term, 1856, of the Cook county Court of Common Pleas. So much of the record of the court in Ohio as does not appear in the opinion, is appended; as also the orders thereon in the Common Pleas.

Pleas at the Court House, in Cincinnati, in the county of

Iglehart *v.* Hobart et al.

Hamilton, and State of Ohio, of the Commercial Court of Cincinnati, at the January term thereof, in the year of our Lord one thousand eight hundred and fifty, begun and held on Monday, the seventh day of January, in the year aforesaid, before the Hon. Thomas M. Key, sole judge of said court.

| | |
|---|---|
| JAMES T. HOBART and FRANCIS RICHARDSON, partners, under the name of HOBART & RICHARDSON, and AARON S. BOWEN and DAVID A. ENGHART, partners, under the name of BOWEN & Co., for the use of LUCY D. BARRETT, *vs.* NICHOLAS P. IGLEHART and JOHN S. IGLEHART, partners, under the name of IGLEHART, BROS. & Co. | *In a Plea of Assumpsit.* |

Be it remembered, that heretofore, that is to say, on the twenty-ninth day of January, in the year of our Lord eighteen hundred and forty-nine, came the said James T. Hobart and Francis Richardson, partners, under the name of Hobart & Richardson, and Aaron S. Bowen and David A. Enghart, partners, under the name of Bowen & Co., for the use of Lucy D. Barrett, by Messrs. Morris and Rairden, their attorneys, and sued out of the Commercial Court of Cincinnati, then in session, at the January term thereof, in the year aforesaid, before the Hon. Thomas M. Key, judge thereof, a certain writ of summons against the said Nicholas P. Iglehart and John S. Iglehart, partners, under the name of Iglehart, Bros. & Co., in a plea of assumpsit, returnable forthwith, which writ, together with the indorsement, is in the words and figures following, to wit:

THE STATE OF OHIO, }
HAMILTON COUNTY,	} ss.

*To Joseph Cooper, Esq., Sheriff of our said County, greeting:*

You are hereby commanded to summon Nicholas P. Iglehart and John S. Iglehart, partners, under the name of Iglehart, Brothers & Co., if they shall be found in your bailiwick, to be and appear before the Hon. Thomas M. Key, judge of the Commercial Court of Cincinnati, in and for said county, forthwith, to answer unto James T. Hobart and Francis Richardson, partners, under the name of Hobart & Richardson, and Aaron S. Bowen and David A. Enghart, partners, under the name of Bowen & Co., for the use of Lucy D. Barrett, in an action of assumpsit, to the damage of the said plaintiffs, ten thousand dollars, as is said, and have you then and there this writ.

[Seal of the Commercial Court, Cincinnati.]

In witness whereof, I have hereunto set my hand and affixed the seal of the said court at Cincinnati, this 29th day of January, A. D. 1849.

EDWARD P. CRANCH,
*Clerk of the Com. Court of Cincinnati,*
By E. PAGE, *Deputy.*

Iglehart *v.* Hobart et al.

Summons in assumpsit for goods sold and delivered, money lent, work done, etc., amounting to the sum of $8,250 ; amount due, $2,345 ; damages, $10,000.

And afterwards, to wit, on the twenty-seventh day of February, in the year last aforesaid, during the term last aforesaid of said court, the said writ was returned to the court aforesaid by the said sheriff, indorsed as follows, to wit :

1849, Feb. 8. Served Nicholas P. Iglehart, by copy, personally, and John S. Iglehart by copy left at residence.            JOSEPH COOPER, *Sheriff*.
E. T. CARSON, *Deputy*.

And afterwards, during the term last aforesaid of said court, this cause was continued till the next term thereof. And afterwards, to wit, on the twenty-seventh day of February, in the year last aforesaid, came the plaintiffs, by their said attorneys, and filed, in the clerk's office of said court, their declaration against the defendants in the words and figures following, to wit :

THE STATE OF OHIO, HAMILTON COUNTY.

THE COMMERCIAL COURT OF CINCINNATI.

JANUARY TERM, A. D. 1849.

HAMILTON COUNTY, SCT :

James T. Hobart and Francis Richardson, late partners, under the name of Hobart & Richardson, and Aaron S. Bowen and David A. Enghart, late partners, under the name of Bowen & Co., complain of Nicholas P. Iglehart and John S. Iglehart, partners, under the name of Iglehart, Brothers & Co., in a plea of assumpsit. For that the said defendants heretofore, to wit, on the first day of January, 1849, at the said county, were indebted to the said plaintiffs in the sum of eight thousand two hundred and fifty dollars, for goods sold and delivered by the plaintiffs to the defendants at their request ; and in the like sum for work done and materials furnished by the said plaintiffs to and for the defendants, at their request ; and in the like sum for money lent to the defendants, at their request, by the plaintiffs ; and in the like sum for money had and received by the defendants to the plaintiffs' use ; and in the like sum for money paid by the plaintiffs for the defendants, at their request ; and being so indebted, the said defendants afterwards, to wit, on the day and year, and at the county aforesaid, in consideration thereof, promised to pay the said several sums of money above specified when thereto requested.

Yet the said defendants, although often so requested, have not paid the several sums of money, or either or any part thereof, but so to do have hitherto wholly refused, and still refuse, to the plaintiffs' damage, ten thousand dollars, and they sue, etc.

And the defendants were ruled to plead to the said declaration by the twelfth day of March, in the year last aforesaid, of eighteen hundred and forty-nine.

And afterwards, to wit: on the twelfth day of March, in the year last aforesaid, came the defendants, by Messrs. Spencer and Corwine, their attorneys, and filed in the said clerk's office, their plea to the said declaration, in the words and figures following, to wit:

NICHOLAS P. IGLEHART *et al.,*
    *ads.*         } *Commercial Court of Cincinnati.*
HOBART & RICHARDSON.                *January Term,* 1849.

And the said defendants, by Spencer and Corwine, come and defend the wrong and injury, when, etc., and say that they did not undertake and promise, in manner and form as said plaintiffs have declared against him, and this he prays may be inquired of by the country, and the plaintiffs do the like.

And afterwards, to wit: at the April term in the year last aforesaid, of the said court, held before the judge aforesaid, this cause was continued till next term.

And afterwards, to wit: at the July term, in the year last aforesaid, of the said court, this cause was continued.

And afterwards, to wit: on the fourteenth day of November, in the year eighteen hundred and forty-nine, during the October term in the same year, of the said court, held before the judge aforesaid, came the parties, and there also came a jury, to wit: James Chambers, Garret Vanansdal, Charles Sargent, Nicholas Schoonmaker, Sylvester Fries, John A. Davis, Lewis Coriell, John Greiner, John Thompson, John C. Brown, Tunis Brewer, David L. Rusk, who, being duly impanneled and sworn to try the issue joined, retired under the instructions of the court; return their verdict, and say: We, the jury, find the issue joined for the plaintiffs, and assess their damages at ($1,654.33) sixteen hundred and fifty-four dollars and thirty-three cents; and the court assess the jury fee at six dollars.

Therefore, it is considered that the plaintiffs recover of their defendants their said damages and their costs, herein expended, taxed at thirteen dollars and fifty-three cents. Defendants' costs, four dollars and three cents.

And now, at this day, come the said plaintiffs, by H. T. Helm, their attorney, and the said defendant, by Arnold, Larned & Lay, his attorneys, also comes, and upon agreement of parties, the trial of this cause was submitted to the court, without the intervention of a jury, and the court having heard the proofs and allegations submitted, and being fully advised, now finds the said defendant to owe and be indebted to said plaintiffs in the sum of one thousand six hundred and sixty-seven

dollars and eighty-six cents, debt, and assesses the damages herein to the sum of nine hundred and twenty-four dollars and ninety-five cents.

Therefore, it is considered, that said plaintiff, for the use of Alexander Ingram, as aforesaid, do have and recover of said defendant their debt of one thousand six hundred and sixty-seven dollars and eighty-six cents, and also their damages of nine hundred and twenty-four dollars and ninety-five cents, in form so as aforesaid by the court here assessed, and also their costs and charges in this behalf expended, and have execution therefor.

And the parties to this cause, by their attorneys, submit the motion for a new trial herein, and after argument had thereon, and being fully advised, the court overrules said motion; whereupon the defendant enters his exceptions to such ruling by the court, and prays an appeal.

ARNOLD, LARNED & LAY, for Appellant.

HENRY T. HELM, for Appellees.

CATON, C. J. The only question in this case, is, whether there was a variance between the judgment declared on, and the one offered in evidence. The declaration is on a judgment for $1,667.86.

The record offered in evidence recites the verdict and judgment as follows:

"We, the jury, find the issue joined for the plaintiffs, and assess their damages at ($1,654.33) sixteen hundred and fifty-four dollars and thirty-three cents; and the court assess the jury fee at six dollars.

Therefore, it is considered that the plaintiffs recover of the defendants their said damages and their costs, herein expended, taxed at thirteen dollars and fifty-three cents. Defendants' costs, four dollars and three cents."

The damages assessed by the jury, $1,654.33, and the plaintiffs' costs, $13.53, together amount to the sum of $1,667.86, which corresponds, precisely, with the sum averred in the declaration to be the amount of the judgment declared on. The defendants' costs mentioned at the foot of the judgment, did not go to the plaintiff, and are no part of the judgment, either in the terms of the judgment, or in legal effect.

After the entry of the judgment above recited, the record proceeds as follows:

"And afterwards, to wit, on the thirty-first day of December, in the year last aforesaid, during the term last aforesaid of said

court, on motion of defendants, leave is given to enter a motion to set aside said judgment, and for a new trial, which motion is entered, and is ordered by the court to stand continued.

And afterwards, to wit, on the twenty-ninth day of March, in the year of our Lord eighteen hundred and fifty, during the January term, in the same year, of the said court, held before the Honorable Thomas M. Key, judge thereof, this cause came on to be heard on defendants' motion, continued from the last term, to set aside said judgment rendered at the last term of this court; and the court overrule said motion.

| | |
|---|---|
| Damages, - - - - | $1,654.33 |
| Costs, - - - - - - | 17.56 |
| Interest from 1st October, 1849, | |
| Costs on execution, - - - - | 2.50 " |

This subsequent entry does not, in the least, disturb the judgment previously entered. After the motion for a new trial was overruled, that remained the same as it was originally entered; and the figures at the bottom of the entry of the order overruling the motion, do not purport to be any part of the judgment, or even of the record itself, for they do not appear to have been there placed by the order of the court. They rather seem to be a memorandum, made by the clerk, probably, for his own convenience.

We think the judgment was right and should be affirmed.

*Judgment affirmed.*